John A. Gladych, Esq., Bar No. 139254
Lisa O'Neill, Esq., Bar No. 301550
GLADYCH & ASSOCIATES, INC.
1400 Bristol Street North, Suite 210
Newport Beach, CA 92660
Telephone:   (949) 442-8942
Fax No.:        (949) 442-8949
Email:   john@gladychlaw.com
lisa@gladychlaw.com

Attorneys for Defendants, CURE APPAREL,
LLC, a California Limited Liability Company
and ROSS STORES, INC., a Delaware corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FABRIC SELECTION, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CURE APPAREL, LLC, a California Limited Liability Company; ROSS STORES, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:15-cv-01589-RGK (AJWx)<br>*Referred to Hon. Andrew J. Wistrich*<br><br>**[DISCOVERY MATTER]**<br><br>**PROTECTIVE ORDER**<br><br>[Action commenced:   March 4, 2015] |

1.   PURPOSES AND LIMITATIONS

1.1   Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this matter would be warranted.   Accordingly, the parties hereby stipulate to and petition this Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only

to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties have agreed that the terms of this Protective Order shall also apply to any future voluntary disclosures of confidential, proprietary, or private information.   The parties reserve their rights to object to or withhold any information, including confidential, proprietary, or private information, on any other applicable grounds permitted by law, including third-party rights and relevancy.

1.2    The parties further acknowledge, as set forth below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

2.4    <u>"Attorneys' Eyes Only"</u>:  Discovery Material or such portion of such material as consists of:

a)    any commercially sensitive and/or confidential business or financial information (including without limitation confidential nonpublic contracts, profitability reports or estimates, sales reports, and sales margins) which could

1  reasonably create a competitive disadvantage if disclosed to the parties in this action;

2          b)      any business or financial information that is confidential,

3  proprietary, or commercially sensitive to third parties who have had business

4  dealings with parties to this action; or

5          c)      any other category of material or information hereinafter

6  given Confidential status by the Court, to the extent said material could reasonably

7  create a competitive disadvantage if disclosed to the parties in this action.

8          2.5    Receiving Party:  a Party that receives Disclosure or Discovery

9  Material from a Producing Party.

10         2.6    Producing Party:  a Party or non-party that produces Disclosure

11  or Discovery Material in this action.

12         2.7    Designating Party:  a Party or non-party that designates

13  information or items that it produces in disclosures or in responses to discovery as

14  "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

15         2.8    Protected Material:  any Disclosure or Discovery Material that is

16  designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

17         2.9    Expert:  a person with specialized knowledge or experience in a

18  matter pertinent to the litigation who has been retained by a Party or its counsel to

19  serve as an expert witness or as a consultant in this action.   This definition includes

20  a professional jury or trial consultant retained in connection with this litigation.

21  The expert witness or consultant may not be a past or a current employee of the

22  Party (including any affiliates or related entities) adverse to the Party engaging the

23  expert witness or consultant, or someone who at the time of retention is anticipated

24  to become an employee of the Party (including any affiliates or related entities)

25  adverse to the Party engaging the expert witness or consultant.   Moreover, the

26  expert witness or consultant may not be a current employee or anticipated to become

27  an employee of any entity who is a competitor of the Party adverse to the Party

28  engaging the expert witness or consultant.

2.10   <u>Professional Vendors</u>:   persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in litigation or in other settings that might reveal Protected Material.

4.    <u>DURATION</u>

Even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.   Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

1        If it comes to a Party's or a non-party's attention that information or

2  items that it designated for protection do not qualify for protection at all, or do not

3  qualify for the level of protection initially asserted, that Party or non-party must

4  promptly notify all other parties that it is withdrawing the mistaken designation.

5        5.2   <u>Manner and Timing of Designations</u>.  Except as otherwise

6  provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as

7  otherwise stipulated or ordered, material that qualifies for protection under this

8  Order must be clearly so designated before the material is disclosed or produced.

9        Designation in conformity with this Order requires:

10        a)   <u>for information in documentary form</u> (apart from

11  transcripts of depositions or other pretrial or trial proceedings), that the Producing

12  Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the

13  top or bottom of each page that contains protected material.

14        A Party or non-party that makes originals or copies of documents

15  or materials available for inspection need not designate them for protection until

16  after the inspecting Party has indicated which material it intends to copy.  During

17  the inspection and before the designation, all of the material made available for

18  inspection shall be deemed "ATTORNEYS' EYES ONLY."  After the inspecting

19  Party has identified the documents it wants copied and produced, the Producing

20  Party must designate, either in writing or on the record (at a deposition), which

21  documents, or portions thereof, qualify for protection under this Order.  Then the

22  Receiving Party must affix the "CONFIDENTIAL" or "ATTORNEYS' EYES

23  ONLY" legend at the top of each copied page that contains Protected Material. If

24  only a portion or portions of the material on a page qualifies for protection, the

25  Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making

26  appropriate markings in the margins) and must specify, for each portion, the level of

27  protection being asserted (either "CONFIDENTIAL" or "ATTORNEYS' EYES

28  ONLY").

1       b)      <u>for testimony given in deposition or in other pretrial or</u>
2    <u>trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony
3    identify on the record, before the close of the deposition, hearing, or other
4    proceeding, all protected testimony, and further specify any portions of the
5    testimony that qualify as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."
6    When it is impractical to identify separately each portion of testimony that is entitled
7    to protection, and when it appears that substantial portions of the testimony may
8    qualify for protection, the Party or non-party that sponsors, offers, or gives the
9    testimony may invoke on the record (before the deposition or proceeding is
10   concluded) a right to have up to 20 days to identify the specific portions of the
11   testimony as to which protection is sought and to specify the level of protection
12   being asserted ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY").   Only
13   those portions of the testimony that are appropriately designated for protection
14   within the 20 days shall be covered by the provisions of this Stipulated Protective
15   Order.

16       Transcript pages containing Protected Material must be
17   separately bound by the court reporter, who must affix to the top of each such page
18   the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as instructed by
19   the Party or non-party offering or sponsoring the witness or presenting the
20   testimony.

21       c)      <u>for information produced in some form other than</u>
22   <u>documentary, and for any other tangible items</u>, that the Producing Party affix in a
23   prominent place on the exterior of the container or containers in which the
24   information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS'
25   EYES ONLY."   If only portions of the information or item warrant protection, the
26   Producing Party, to the extent practicable, shall identify the protected portions,
27   specifying whether they qualify as "CONFIDENTIAL" or as "ATTORNEYS'
28   EYES ONLY."

5.3     <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     <u>Miscellaneous</u>.

a)     Nothing in this Stipulation and Protective Order shall affect the right of the Designating Party to disclose the Designating Party's own "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to any person or entity.   Such disclosure shall not waive any of the protections of this Stipulation and Protective Order.

b)     Nothing herein shall be construed to mean that counsel of record for a party may not use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" materials at trial, subject to any applicable objections.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.   A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party in writing.

In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

6.3   <u>Court Intervention</u>.   A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.   Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue.   The parties agree that a confidentiality designation shall not create a presumption in favor of such confidentiality designation, and that the Court shall decide the issue as such.

Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION).

1    Protected Material must be stored and maintained by a Receiving Party

2 at a location and in a secure manner that ensures that access is limited to the persons

3 authorized under this Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items.   Unless

5 otherwise ordered by the Court or permitted in writing by the Designating Party, a

6 Receiving Party may disclose any information or item designated

7 "CONFIDENTIAL" only to:

8    a)    the Receiving Party's outside counsel, as well as

9 employees of said outside counsel to whom it is reasonably necessary to disclose the

10 information for this litigation;

11    b)    Board members, officers and directors of the Receiving

12 Party;

13    c)    Other employees of the Receiving Party to whom

14 disclosure is reasonably necessary for this litigation and who are bound by internal

15 confidentiality obligations as part of their employment or who have signed the

16 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17    d)    Experts (as defined in this Order) of the Receiving Party to

18 whom disclosure is reasonably necessary for this litigation and who have signed the

19 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20    e)    the Court personnel assigned to this litigation;

21    f)    court reporters, their staffs, and professional vendors to

22 whom disclosure is reasonably necessary for this litigation and who have signed the

23 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24    g)    during their depositions, witnesses in the action to whom

25 disclosure is reasonably necessary and who have signed the "Acknowledgment and

26 Agreement to Be Bound" (Exhibit A).   Pages of transcribed deposition testimony or

27 exhibits to depositions that reveal Protected Material must be separately bound by

28 the court reporter and may not be disclosed to anyone except as permitted under this

1  Stipulated Protective Order; and

2          h)    the author and recipients of the document or the original

3  source of the information.

4          7.3    Disclosure of "ATTORNEYS' EYES ONLY" Information or

5  Items.   Unless otherwise ordered by the Court or permitted in writing by the

6  Designating Party, a Receiving Party may disclose any information or item

7  designated "ATTORNEYS' EYES ONLY" only to:

8          a)    the Receiving Party's outside counsel, as well as

9  employees of said outside counsel to whom it is reasonably necessary to disclose the

10  information for this litigation;

11         b)    Experts (as defined in this Order) of the Receiving Party to

12  whom disclosure is reasonably necessary for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14         c)    the Court personnel assigned to this litigation;

15         d)    court reporters, their staffs, and professional vendors to

16  whom disclosure is reasonably necessary for this litigation and who have signed the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

18         e)    the author and recipients of the document or the original

19  source of the information.

20         7.4    Nothing in this Order shall be read to prohibit the use of

21  otherwise Protected Material to prosecute claims against additional potential

22  defendants identified in said materials.

23         7.5    Court Access.   Nothing in this Stipulation and Protective Order

24  shall preclude Court officials or any certified reporter retained to transcribe

25  depositions in this proceeding from access to designated materials during Court

26  proceedings or depositions in this action.

27         7.6    Advice to Clients: Nothing in this Order will bar Counsel from

28  rendering advice to their clients with respect to this litigation and, in the course

thereof, relying upon any Protected Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", provided that the contents of the Protected Material must not be disclosed to those not authorized by this Order.   It is expressly understood and agreed that, regardless of any claim that such information is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY", Plaintiff's counsel may disclose to its clients: (1) the number of units purchased and sold (at wholesale and/or retail level); (2) claimed gross revenue; (3) the per unit cost of goods (at wholesale and/or retail level); (4)   per unit claimed gross profits; (5) claimed deductions beyond cost of goods attributable to the sale of the challenged goods (at whole and/or retail level).

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any Discovery Material, the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than five business days after receiving the subpoena or order.   Such notification must include a copy of the subpoena or court order.   The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Protective Order.   In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.   The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving

1  Party in this action to disobey a lawful directive from another court.

2         9.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

3        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

4  Protected Material to any person or in any circumstance not authorized under this

5  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

6  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

7  to retrieve all copies of the Protected Material, (c) inform the person or persons to

8  whom unauthorized disclosures were made of all the terms of this Order, and (d)

9  request such person or persons to execute the "Acknowledgment and Agreement to

10  Be Bound" that is attached hereto as Exhibit A.

11        10.    <u>FILING PROTECTED MATERIAL</u>

12        Without written permission from the Designating Party, or a court order

13  secured after appropriate notice to all interested persons and after following the

14  procedures provided for in Local Rule 79-5.1, a Party may not file in the public

15  record in this action any Protected Material.  If, after complying with Local Rule

16  79-5.1, the Court refuses to file the materials under seal, the Receiving Party may

17  file materials otherwise designated as "CONFIDENTIAL" or "ATTORNEYS'

18  EYES ONLY" in the public record.  Such filing shall be without prejudice to the

19  Designating Party to subsequently filing a Motion to retroactively seal the same.

20        11.    <u>MISCELLANEOUS</u>

21          11.1  <u>Right to Further Relief</u>.   Nothing in this Order abridges the right

22  of any person to seek its modification in the future.

23          11.2  <u>Right to Assert Other Objections</u>.   By stipulating to the entry of

24  this Protective Order no Party waives any right it otherwise would have to object to

25  disclosing or producing any information or item on any ground not addressed in this

26  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

27  ground to use in evidence of any of the material covered by this Protective Order.

28  Moreover, this Stipulation and Protective Order shall not preclude or limit any

488252.1

1  party's right to seek further and additional protection against or limitation upon
2  production of documents produced in response to discovery.

3      11.3  <u>Inadvertent Production of Privileged Documents</u>.  If a Party,
4  through inadvertence, produces any document or information that it believes is
5  immune from discovery pursuant to an attorney-client privilege, the work product
6  privilege, or any other privilege, such production shall not be deemed a waiver of
7  any privilege, and the Producing Party may give written notice to the Receiving
8  Party that the document or information produced is deemed privileged and that
9  return of the document or information is requested.   Upon receipt of such notice, the
10  Receiving Party shall immediately gather the original and all copies of the document
11  or information of which the Receiving Party is aware, in addition to any abstracts,
12  summaries, or descriptions thereof, and shall immediately return the original and all
13  such copies to the Producing Party.  Nothing stated herein shall preclude a Party
14  from challenging an assertion by the other Party of privilege or confidentiality.

15      11.4  <u>Other Privileges</u>.  Nothing in this Stipulation and Protective
16  Order shall require disclosure of materials a party contends are protected from
17  disclosure by the attorney-client privilege or the attorney work-product doctrine.
18  This provision shall not, however, be construed to preclude any party from moving
19  the Court for an order directing the disclosure of such materials where it disputes the
20  claim of attorney-client privilege or attorney work-product doctrine.

21      11.5  <u>Modifications</u>.  The Stipulation and Protective Order shall not
22  prevent a party from applying to the Court for relief therefrom, or from applying to
23  the Court for a modification of this Protective Order or further protective orders, or
24  from agreeing between themselves to modification of this Protective Order.

25      11.6  <u>Captions</u>.   The captions of paragraphs contained in this
26  Agreement are for reference only and are not to be construed in any way as a part of
27  this Agreement.

28

488252.1                          - 13 -

12.   FINAL DISPOSITION

Unless otherwise ordered or agreed to in writing by the Producing Party, within 60 days after the final termination of this action, each Receiving Party must either return all Protected Material to the Producing Party or certify the destruction of said material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.


**IT IS SO ORDERED**.


Date: _August 12_, 2015                    _____

**HON. ANDREW J. WISTRICH**
**MAGISTRATE JUDGE**
**U.S. DISTRICT COURT**

488252.1                              - 14 -

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Fabric Selection, Inc. v. Cure Apparel, LLC, et al.*, Case No. CV15-01589-RGK (AJWx).  I agree to comply with and to be bound by all of the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print full name] of _____ [print full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1840 Century Park East, 17th Floor, Los Angeles, California 90067.

On August 7, 2015, I served true copies of the following document(s) described as **(PROPOSED) PROTECTIVE ORDER** on the interested parties in this action as follows:

| | |
|---|---|
| John Anthony Gladych | Attorneys for Defendants |
| Lisa O'Neill | Cure Apparel, LLC; and Ross |
| Gladych and Associates Inc | Stores, Inc. |
| 1400 Bristol Street North Suite 210 | |
| Newport Beach, CA 92660 | Tel:   949-442-8942 |
| | Fax: 949-442-8949 |
| | E-mail: lisa@gladychlaw.com |
| | E-mail: iohn@gladvchlaw.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 7, 2015, at Los Angeles, California.

*/s/ Noemi Lynch*
Noemi Lynch

488252.1